UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARILYN RICH,

                Plaintiff,

                **DECISION AND ORDER**
                10-CV-137A

    v.

BUSH INDUSTRIES, INC.,

                Defendant.

## INTRODUCTION

Defendant Bush Industries, Inc. has made a motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Defendant asserts that plaintiff has made no factual allegations that would support a reasonable inference that she was terminated because of her disability. Plaintiff responds that her factual allegations about the timing of her medical treatments and subsequent termination give rise to reasonable inferences about what defendant's motive was for firing her. The Court held oral argument on April 26, 2010. For the reasons below, the Court will deny the motion.

## BACKGROUND

This case concerns allegations that a woman was fired from her job because her self-insured employer wanted to reduce costs associated with her

breast cancer treatments. Plaintiff is a resident of Jamestown, New York. Defendant is a Delaware corporation that does business in Jamestown. According to the complaint, plaintiff began working for defendant in late July 2004 as an accounts representative. Beginning approximately in December 2007, plaintiff assumed some supervisory responsibilities as well. During the time when she worked for defendant, plaintiff never received any warnings, reprimands, or other personnel actions that would suggest unsatisfactory job performance. In approximately July 2008, plaintiff was diagnosed with breast cancer. Plaintiff's diagnosis was well known among her colleagues. Plaintiff continued to work until August 14, 2008, the day before her double mastectomy surgery, and returned to work on October 17, 2008.

According to plaintiff, the events leading directly to the commencement of this case began approximately a month after she returned to work. In November 2008, a human resources executive at defendant held a health insurance meeting with approximately 50 employees, including plaintiff. At the meeting, the executive told the attendees are that defendant was a self-insured company, and that the medical benefits being paid out for the 2008 calendar year were "at an all-time high." The executive then told the attendees that nine employees in particular had caused the unprecedented expenditures for medical benefits. Plaintiff has not alleged that the executive named these nine employees at the meeting. An employee attending the meeting stated that records for these nine

employees were being pulled and reviewed. Plaintiff has not alleged who this employee was or how this employee would know about any records review. On December 3, 2008, plaintiff was terminated from her employment with defendant. The complaint suggests that defendant did not tell plaintiff why it was firing her when the firing occurred.

Plaintiff subsequently filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"); the exact date of the filing is unclear, but the EEOC appears to have received the filing no later than June 3, 2009. On December 9, 2009, the EEOC sent plaintiff a Notice of Rights letter. Plaintiff filed her complaint in this case on February 19, 2010. The complaint contains two claims, one for a violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12300, and one for a violation of the state Human Rights Law, N.Y. Executive Law §§ 290–301.

Defendant filed the pending motion to dismiss on March 12, 2010. From its motion papers, defendant does not appear to deny that plaintiff's claims would be legally cognizable if factually supported. Rather, defendant emphasizes that plaintiff has not laid enough of a factual foundation for her claims to make those claims "plausible." Defendant asserts that plaintiff does not explicitly allege in her complaint that she was fired because of her breast cancer treatments. Defendant asserts further that plaintiff has provided no context for the November 2008 meeting and has taken a single statement from that meeting and over-analyzed it.

In opposition, plaintiff asserts that she has pled enough factual information in her complaint to permit the Court to draw obvious inferences about the real reason for her termination. Specifically, plaintiff argues that this case should proceed to the discovery phase to explore why, after four years of apparently satisfactory work performance, defendant fired plaintiff just weeks after announcing to a large group of employees that it was concerned about expenditures for medical benefits.

## DISCUSSION

Courts review motions to dismiss a complaint for failure to state a claim upon which relief can be granted by "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, ___ F.3d ___, 2010 WL 1337225, at *3 (2d Cir. Apr. 7, 2010) (internal quotation marks and citations omitted). Accepting plaintiff's allegations here as true, she worked for defendant for over four years and not only performed at a satisfactory level but also assumed increasing responsibility as time passed. Nonetheless, plaintiff found herself out of a job within four months of her breast cancer surgery, within two months of her return to work, and within three weeks of her employer's announcement that nine employees out of 50 or more had expensive medical

problems. An inference that defendant terminated plaintiff before her medical expenses ran any higher flows reasonably from these allegations. Under these circumstances, plaintiff successfully submitted a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Plaintiff now should have a chance to explore the extent to which defendant targeted her because of the costs associated with her breast cancer treatments. *Cf., e.g., Dewitt v. Proctor Hosp.*, 517 F.3d 944, 948 (7th Cir. 2008) (denying summary judgment in a "disability by association" case involving a nurse working at a hospital, where "[t]he uncontroverted evidence suggests that [defendant employer, the hospital], which faced financial trouble, was very concerned about cutting costs. Because [defendant]'s unusually high 'stop-loss' coverage didn't kick in until claims exceeded $250,000, it personally felt the heavy bite of [plaintiff]'s expenses. [Defendant] wasn't discreet about its concerns: in the May 2005 meeting, [plaintiff's supervisor] informed [defendant]'s clinical managers that the hospital would have to be 'creative' in cutting costs.").

Of course, that plaintiff's narrative plausibly *could* have happened does not mean that it actually *did* happen. If plaintiff cannot substantiate her claims enough to warrant a trial then defendant can avail itself of dispositive motion practice at a later time. For now, however, moving the case into the discovery phase is the appropriate course of action.

## CONCLUSION

For all of the foregoing reasons, defendant's motion is denied. Defendant shall answer the complaint within 20 days of entry of this order.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: April 29, 2010